# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ARCELI HIDALGO, | CASE NO. 13-CV-1341-H (JMA) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND COMPLAINT AND RE-SERVE** |
| vs. | |
| AURORA LOAN SERVICES LLC; TFLG, a law corporation; ERIC G. FERNANDEZ; S. EDWARD SLABACH; SEAN H. VEDROSIAN; VIANA G. BARBU; and DOES 1 through 50, inclusive. | |
| Defendants. | |

On July 2, 2013, Defendants TFLG, A Law Corporation, Eric G. Fernandez, S. Edward Slabach, Sean H Vedrosian, and Viana G. Barbu ("TFLG") filed a motion to dismiss Plaintiff Hidalgo's complaint for failure to state a claim. (Doc. No. 6.) On July 30, 2013, Defendant Aurora Loan Services LLC ("Aurora") made a special appearance to file a motion to dismiss Plaintiff's complaint for insufficient service of process. (Doc. No. 12.) On August 28, 2013, the Court submitted the motion on the papers. (Doc. No. 14). To date, Plaintiff has yet to file an opposition to Defendants' motions. For the reasons below, the Court **GRANTS** Defendants' motions to dismiss without prejudice.

- 1 -

**Background**

On November 1, 2005, Plaintiff obtained a home mortgage loan from First National Bank of Arizona ("Bank of Arizona") pledging as security property located at 15751 Lofty Trail Drive, San Diego, California. (Doc. No. 1 ("Compl.") ¶¶16, 19, 20.) The deed of trust listed the Bank of Arizona as the lender and MERS Inc. as beneficiary. (Id. ¶19.) In February 2011, Defendant Aurora Loan Services LLC ("Aurora") received Plaintiff's loan by assignment from the Bank of Arizona. (Id. ¶21.)

In December 2012, Aurora, through their counsel, Defendant TFLG, initiated an unlawful detainer action against Plaintiff in California Superior Court in San Diego County. (Id. ¶51.) The Superior Court issued judgment in favor of Aurora on May 30, 2013. (Doc. No. 3, Ex. A at p. 4.) Defendants obtained a writ of execution authorizing the Sheriff or Marshal of the County of San Diego to enforce the judgment. (Id.) The Sheriff served Plaintiff with a notice to vacate by June 13, 2013. (Id., Ex. A at p. 1.)[1]

On June 10, 2013, Plaintiff, proceeding pro se, filed a complaint in this Court for damages for violations of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2605; for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641; for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and common law claims of lack of standing to foreclose; fraud in the

---

[1] The Court takes judicial notice under Federal Rule of Evidence 201, of the following publicly recorded documents: Verified Complaint for Unlawful Detainer filed on December 26, 2012 in San Diego County Superior Court Case No. 37-2012-00048326 (Doc. No. 6-2, RJN Ex. 1); Deed of Trust executed on November 1, 2005 and recorded on November 9, 2005 in the official records of San Diego County as Document No. 2005-0975384 (Id. Ex. 2); Assignment of Deed of Trust dated February 15th, 2011 and recorded on February 22, 2011 in the official records of San Diego County as Document No. 11-971120 (Id. Ex. 3); Trustee's Deed Upon Sale dated September 10, 2012 and recorded on September 13, 2012 in the official records of San Diego County as Document No. 2012-0552078. (Id. Ex. 4.) See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'").

inducement; fraud in the concealment; and for declaratory and injunctive relief.[2] (Compl.) On June 20, 2013, Plaintiff filed an ex parte application for a TRO to stay the eviction and to prevent Defendants from taking possession of the property. (Doc. No. 3.) The Court denied the Plaintiff's request for a TRO after concluding that the Plaintiff failed to show a "fair chance of success on the merits." (Doc. No. 5 at p. 5.) On July 2, 2013, Defendant TFLG filed a motion to dismiss Plaintiff's complaint for failure to state a claim for which relief may be granted. On July 30, 2013, Defendant Aurora filed a motion to dismiss Plaintiff's complaint for insufficient service of process.

## **Discussion**

**I.    Defendant TFLG's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." SmileCare Dental Grp. v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550

---

[2] Plaintiff also lists claims for intentional infliction of emotional distress, quiet title, and rescission, but Plaintiff does not plead or mention these claims in the body of the complaint. (See Compl.)

U.S. at 570. Nevertheless, the reviewing court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. In deciding a motion to dismiss, the court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted).

### A. Plaintiff's Federal Claims

#### I. RESPA

Plaintiff alleges that Defendant TFLG violated the Real Estate Settlement and Procedures ACT ("RESPA"), 12 U.S.C. § 2605. (Compl. ¶¶57-58.) Under RESPA, the servicer of a loan has obligations to make a disclosure to the borrower relating to assignment, sale, or transfer of loan servicing. 12 U.S.C. § 2605(a)-(b). The servicer also has an obligation to respond to borrower inquiries. 12 U.S.C. § 2605(e). For each of these provisions, 12 U.S.C. § 2605(f) imposes liability on servicers that violate RESPA and fail to make the required disclosures. The section provides that "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure . . . ." 12 U.S.C. § 2605(f)(1).

RESPA defines the term "servicer" as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). RESPA defines the term "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in [12 U.S.C. § 2609],

and making payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

In its motion to dismiss, Defendant TFLG asserts that TFLG does not qualify as a servicer subject to RESPA. (Doc. No. 6-1 at p. 5.) Plaintiff's complaint does not allege that TFLG demanded or received payments from Plaintiff regarding any loan, or allege any conduct on the part of TFLG other than its representation of Aurora and Nationstar Mortgage LLC ("Nationstar") in an unlawful detainer action.

Plaintiff's complaint does not allege wrongful action by TFLG as a servicer with sufficient facts to give rise to a cognizable claim under RESPA. Accordingly, the Court GRANTS Defendant TFLG's motion to dismiss with respect to Plaintiff's RESPA claim.

      ii.  TILA

Plaintiff alleges that Defendant TFLG violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g) by failing to notify the plaintiff of the transfer of Plaintiff's mortgage loan. (Compl. ¶¶55, 59.) TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. §1601(a). TILA requires that within thirty days of any sale or transfer of a mortgage loan, the creditor that is the new owner or assignee of the debt must notify the borrower in writing. 15 U.S.C. § 1641(g). The Plaintiff's complaint alleges that the Plaintiff was never notified of transfer or assignment of the mortgage. (Compl. ¶55.)

In response, Defendant TFLG asserts it was not acting as a "creditor" as that term is defined under TILA. (Doc. No. 6-1 at p. 6.) The statute defines a "creditor" as "a person who both (1) regularly extends . . . consumer credit which is payable by agreement . . . , and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable . . . ." 15 U.S.C. § 1602(g). "An action under 1641(g) can only be brought against creditors or their assignees." <u>Rider v. HSBC Mortgage Corp. (USA)</u>, 2:12-CV-925, 2013 WL 3901519 at *3 (S.D. Ohio July 29,

2013); see also Mourad v. Homeward Residential, Inc., No. 12–1880, 2013 WL 870205 at *4 (6th Cir. Mar. 8, 2013).

Plaintiff's complaint does not show that TFLG holds or ever held an interest in the note or the Deed of Trust. (Doc. No. 6-2, RJN Ex. 2-4.) Furthermore, Defendant TFLG demonstrates that the debt secured by the Deed of Trust was foreclosed prior to TFLG's involvement in the unlawful detainer action. (Doc. No. 6-2, RJN Ex. 1. at p. 15.)

The Plaintiff's complaint fails to demonstrate that Defendant TFLG acted as a creditor under the definition section of TILA. 15 U.S.C. § 1602(g). Since TFLG did not extend credit to plaintiff or become the owner or assignee of Plaintiff's mortgage loan, Defendant TFLG could not have had any obligations to Plaintiff under TILA. Therefore, the Court GRANTS TFLG's motion to dismiss with respect to Plaintiff's TILA claim.

### iii. FDCPA

Plaintiff's complaint alleges numerous violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by Defendant TFLG related to Plaintiff's foreclosed residential mortgage. (Compl. ¶¶64.)[3] "To be held liable for violation of the FDCPA, a defendant must-as a threshold requirement-fall within the Act's definition of 'debt collector.'" Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) (citing Heintz v. Jenkins, 514 U.S. 291, 294 (1995)); but cf. Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir. 2006) ("Wilson's 'debt' remained a 'debt' even after foreclosure proceedings commenced."). The FDCPA defines "debt collector" as one who collects consumer debts owed to another. 15 U.S.C. § 1692(a)(6)(A).

However, an unlawful detainer action regarding holdover occupants after foreclosure does not qualify as the collection of a debt within the meaning of the

---

[3] The paragraphs in the complaint are not chronologically numbered following paragraph 59. Paragraph 64 referenced above is paragraph 33 on page 17 of the complaint.

FDCPA. See Cook v. Hamrick, 278 F. Supp. 2d 1202, 1205 (D. Co. 2003) (ruling that unlawful detainer is a non-collection action under the FDCPA); see also Monreal v. GMAC Mortgage, LLC, 13CV743 AJB NLS, 2013 WL 2444165 (S.D. Cal. June 4, 2013) (dismissing FDCPA claim because plaintiff failed to specifically allege facts indicating that any of the defendants were "debt collectors" as defined under the FDCPA).

Plaintiff's complaint has not properly alleged facts that the FDCPA applies to Defendant TFLG as a debt collector. Accordingly, the Court GRANTS TFLG's motion to dismiss with respect to Plaintiff's FDCPA claim.

### B. Plaintiff's Remaining State Law Claims

Plaintiff's complaint also alleges that the Defendants are liable for damages based on unlawful foreclosure; fraud in the inducement; and fraud in the concealment.

#### i. Plaintiff's challenge of foreclosure claim

The entirety of Plaintiff's complaint alleges that Defendants acquired their purported right to foreclose via an unlawful transfer from a trust of pooled mortgages and through robo-signing. (See generally Compl. ¶¶19-56.) Yet, courts have consistently concluded that borrowers cannot challenge an allegedly fraudulent assignment of a deed of trust or an appointment of a successor trustee "because a borrower is neither a party to nor an intended beneficiary of the challenged agreements." Brodie v. Northwest Trustee Services, Inc., Case No. 12-469, 2012 WL 6192723 at *2 (E.D. Wash. Dec. 12, 2012); In re MERS Litigation, Case No. 10-1547, 2012 WL 932625 at *3 (D. Ariz. Mar. 20, 2012); Javaheri v. JP Morgan Chase Bank, N.A., Case No. 10-8185, 2012 WL 3426278 at *6 (C.D. Cal. Aug. 13, 2012). Additionally, Plaintiff's claim that Defendants could not lawfully foreclose is discredited by the California Superior Court's issuance of a writ of execution to Defendants authorizing the eviction of Plaintiff from the property. (Doc. No. 3, Ex. A at p. 4.) Finally, Plaintiff's complaint does not allege any action by Defendant

1  TFLG (the law firm that performed the unlawful detainer action) until after the
2  foreclosure was completed.

### ii. Fraud in the inducement and fraud in the concealment

Plaintiff brings causes of action for fraud in the inducement and fraud in the concealment against Defendant TFLG. (Compl. ¶¶13-14.) Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" Anderson v. Deloitte & Touche, 56 Cal. App. 4th 1468, 1474 (1997). The elements of fraud in inducement of a contract are the same elements as actual fraud. See Zinn v. Ex-Cell-O Corp., 148 Cal. App. 2d 56, 68 (1957).

Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff has presented only conclusory allegations of fraud in the complaint. (E.g., Compl. ¶13.) Plaintiff has failed to allege with specificity any fraudulent statements that were made by Defendants at any time. These allegations fall well short of the pleading requirements of Rule 9(b).

Based on the pleadings currently before the Court, the Court concludes that Plaintiff has failed to make the required minimum showing with regard to the state law claims included in the complaint. Accordingly the Court dismisses without prejudice Plaintiffs' state law claims.

**II. Defendant Aurora's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)**

Federal Rules of Civil Procedure 4(e)(1) and (h)(1)(A) allow a plaintiff filing in this Court to serve a corporation pursuant to the California state law governing service. Pursuant to California Code of Civil Procedure Section 415.40, a plaintiff may serve a person outside the state by mailing the summons "to the person to be served" by first-class mail, postage prepaid, and return receipt requested. Section 416.10(b) provides a corporation is served by delivering a copy of the summons and complaint to "a person" holding a specific list of corporate offices, including vice president.

A court's jurisdiction over a defendant is acquired through proper service of process. SEC v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2008); see also Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

A defendant may bring a motion to dismiss based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). When a defendant challenges the sufficiency of service of process, the plaintiff bears the burden of establishing valid service. Brockymeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4.").

Defendant Aurora argues that Plaintiff never properly served the complaint. Plaintiff addressed the summons and complaint to two former vice presidents, who

no longer worked for Aurora at the time Plaintiff attempted to perfect service on Aurora. (See Doc. No. 12-2 ("McCann Decl.") ¶¶7-8.) These individuals were no longer agents of Aurora at the time of attempted service, and therefore could not act as agents of Aurora and accept process. Alan, Sean & Koule, Inc. v. SV/CORSTA V, 286 F. Supp. 2d 1367, 1375 (S.D. Ga. 2003) ("One event that conveys notice of the termination of apparent authority to a third party is the termination of the agent's employment"). Nor does Plaintiff make any showing that the named individuals, Carla Wise and Robert Simpson, actually received the summons and complaint.

"Since a corporation can only be served through a person, the person to be served is always different from the corporation." Dill v. Berquist Constr. Co., 24 Cal. App. 4th 1426, 1435-36 (1994). Although Plaintiff also addressed the summons and complaint to "Aurora Loan Services, LLC" a "summons addressed only to a corporate entity, not directed by name or by title to an individual listed in § 416.10 and not actually received by such person," will not satisfy the substantial compliance requirement for service of process. Watts v. Enhanced Recovery Corp., 10-CV-02606-LHK, 2010 WL 3448508 (N.D. Cal. Sept. 1, 2010).

Although plaintiff's summons and complaint were accepted through Aurora's mail intake procedures, the individual who physically signed the return receipt for this piece of mail was not authorized to accept service of process on behalf of Aurora. (See McCann Decl. ¶6.) "[T]he fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process." Dill, 24 Cal. App. 4th at 1438.

Plaintiff has failed to demonstrate proper service on Defendant Aurora as required by California Code of Civil Procedure Section 416.10(b). Therefore, the Court grants Defendant Aurora's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). However, Plaintiff will have an opportunity to file a second amended complaint and re-serve it to Defendant Aurora within 30 days.

## Conclusion

For the reasons above, the Court **GRANTS** Defendants Aurora and TFLG's motions to dismiss the complaint without prejudice. The Court grants Plaintiff 30 days from the date of this order to amend or cure the deficiencies–if she can–in a first amended complaint with respect to Defendant TFLG and to then effect proper service of the first amended complaint to Defendant Aurora.

**IT IS SO ORDERED.**

DATED: August 29, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT